IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MATTHEW THOMPSON,

    Plaintiff,

v.                                              CASE NO. 4:14-cv-465-RH-GRJ

B. SMITH, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants B. Smith, D. Atkins, and D. Price's Motion to Dismiss, ECF No. 25. Plaintiff has filed a response in opposition to Defendants' motion. (ECF No. 30.) Therefore, Defendants' motion to dismiss is ripe for review. For the reasons explained below, Defendants' motion to dismiss should be granted in part and denied in part.

## I. BACKGROUND

Plaintiff, a prisoner in the custody of the Florida Department of Corrections ("FDOC") at Walton Correctional Institution ("WCI"), initiated this case on August 29, 2014, by filing a *pro se* complaint asserting claims against four defendants. (ECF No. 1.) Plaintiff then filed his First Amended Complaint on April 15, 2014. (ECF No. 15.) Plaintiff asserts that Defendant B. Smith, Defendant J. Sikes, Defendant D. Atkins, and Defendant D. Price acted in concert to violate Plaintiff's First Amendment and Eighth Amendment rights. (*Id.* at 10.)

Specifically, Plaintiff alleges that while at law library call out on March 10, 2014,

Defendant Price confiscated Plaintiff's legal files, eyeglasses, pens, pencils, three address books, stamps, and a rosary. (*Id.* at 7–8.) Plaintiff states that at the time, he was doing legal research for ten pending civil and criminal cases. (*Id.* at 8.) Plaintiff appears to allege that Defendant Smith, through informal grievance responses, denied Plaintiff assistance in recovering his confiscated property. (*Id.*)

Further, on March 10, 2014, Plaintiff says that he received a "sham" disciplinary report due to disrespecting prison officials, which was allegedly a "set up" for a March 16, 2014 disciplinary report for creating a minor disturbance. (*Id.* at 8–9.) Plaintiff claims that he was subjected to "unjustified torture" by Defendants on March 16, 2014, *id.* at 9, when he was physically abused in retaliation by the use of chemical agents while alone in a confinement cell. (*Id.* at 18.)[1] Plaintiff avers that this was a conspiracy, dating back to May 20, 2013, with regard to Defendant Sikes and Defendant Price, and back to December 28, 2012, with regard to Defendant Smith. (*Id.* at 9.)

Plaintiff alleges that on May 6, 2014, Defendant Sikes threatened Plaintiff for writing grievances. (*Id.* at 46.) Further, on April 17, 2014, an Officer Borelli stopped at Plaintiff's confinement cell to "offer [Plaintiff] 'some advi[c]e from a very upset Capt. Sikes.'" (*Id.* at 40). According to Plaintiff, Defendant Sikes, through Officer Borelli, "was telling [Plaintiff] to stop grieving medical & chow hall, about his diet issues; and admitting that [Plaintiff] was 'gassed,' because of his complaints." *Id.*

---

[1] Plaintiff's details regarding March 16, 2014 are contained within the attachments to his amended complaint. Attachments to a complaint are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion to dismiss. Fed. R. Civ. P. 10(c); *Solis-Ramirez v. United States Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985).

Plaintiff also states that on December 20, 2014, Assistant Warden S. Duvall confiscated Plaintiff's legal files. (*Id.* at 9.) Plaintiff claims that Assistant Warden S. Duvall was emboldened by Inspector Swier's failure to open a case against Defendant Price for his "petty theft" on March 10, 2014. (*Id.*) According to Plaintiff, he had informed Inspector Swier of the petty theft on March 10, 2014, as well as informing Inspector Swier that another inmate told Plaintiff that the inmate "overheard a conversation in which Ofc. D. Price[] has offered an inmate ten 'bags' of the drug K2, if he would 'shank' an inmate that was going after Ofc. Price[] with a lawsuit." (*Id.* at 19.)

Plaintiff claims that Defendants acted in concert to harass and obstruct Plaintiff's First Amendment right of access to the courts and acted in concert to physically abuse Plaintiff as retaliation in violation of the Eight Amendment prohibition on cruel and unusual punishment. (*Id.* at 10.) As relief, Plaintiff seeks punitive damages in the amount of $200,000 and compensatory damages in the amount of $200,000. (*Id.*)

## II.  STANDARD OF REVIEW

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).

As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Further, in *Ashcroft v. Iqbal*, 556 U.S. 662, 1951–53 (2009), the Supreme Court

stated that *Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible."

While a *pro se* litigant's allegations are entitled to the benefit of liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs v. Cnty of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (overruled on other grounds by *Iqbal*).

### III. DISCUSSION

#### A. *First Amendment Access to Courts Claims*

Defendants argue that Plaintiff fails to state a First Amendment denial of access to the courts claim because Plaintiff fails to specify how Defendants' actions frustrated or impeded his efforts to pursue his claims. (ECF No. 25 at 6–7.) "[A]n inmate alleging a violation of the right of access to the courts must show an actual injury." *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998). "[T]he prison officials' actions which allegedly infringed an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim." *Id.* The legal claim must be an appeal from a conviction, a habeas petition, or a civil rights action. *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 352–57 (1996)). Allegations that officials confiscated legal papers, which impaired the inmate's ability to challenge a conviction, file a habeas petition, or file a civil rights action, sufficiently allege actual injury for an access to courts

claim. *See Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986).

In this case, Plaintiff does not sufficiently allege that Defendants impeded his ability to access the courts. Plaintiff claims that Defendant Price confiscated his eyeglasses, legal files, pens and pencils, address books, stamps, and rosary on March 10, 2014, while Plaintiff was on law library callout doing legal research for approximately ten pending civil and criminal state and federal cases. (ECF No. 15 at 7–8.) Plaintiff also states that "after more than a full year of requests, nothing has been returned." (*Id.* at 8.) However, Plaintiff fails to allege how such confiscation impeded his ability to pursue his legal claims. Indeed, Plaintiff's ability to file the instant claim demonstrates that he is able to seek redress in the courts. Moreover, Plaintiff's complaints regarding Defendant Price's confiscation on March 10, 2014 appear to center around the fact that officials allegedly did not give Plaintiff a property receipt for his confiscated belongings. *See id.* at 8, 13–15, 49.

Plaintiff further asserts that Assistant Warden S. Duvall confiscated Plaintiff's legal files on December 20, 2014. (*Id.* at 9.) Although Plaintiff attaches to his Complaint six motions for enlargements of time in various cases due to the confiscation of his legal files, all six motions state that it was Assistant Warden Duvall's actions which prevented him from timely responding to the pending matters. *See* ECF No. 15 at 29–34. Assistant Warden Duvall is not a defendant in this case; although Plaintiff refers to Assistant Warden Duvall as a "defendant," Plaintiff does not list Assistant Warden Duvall as a defendant on his Amended Complaint and Assistant Warden Duvall has not been served in this case. *See id.* at 1–2, 9. Nothing in Plaintiff's amended complaint suggests that the alleged property confiscation by Defendant Price on March 10, 2014

impaired Plaintiff's ability to pursue any of his legal claims. Moreover, after screening Plaintiff's original complaint, the Court instructed Plaintiff to "specify how Defendants' confiscation of his legal papers injured him, that is, whether they prevented him from meeting a court-imposed deadline or from presenting a claim in court." (ECF No. 7 at 4.) Yet, as Defendants correctly point out, even after the Court's instructions, Plaintiff's amended complaint still fails to specify how Defendants' confiscation injured him.[2] Accordingly, Plaintiff has not adequately alleged an actual injury resulting from Defendants' actions that impeded his ability to access the courts and his First Amendment access to courts claims must be dismissed.[3]

## B.   *First Amendment Retaliation Claim*

Defendants contend that Plaintiff fails to state a First Amendment retaliation because Plaintiff merely alleges conclusory allegations that lack factual support. (ECF No. 25 at 3–5.) "[A]n inmate is considered to be exercising his First Amendment right of freedom of speech when he complaints to the prison's administrators about the conditions of his confinement." *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008.)

---

[2] Even having been put on notice of Defendants' arguments asserted within their motion to dismiss, Plaintiff opted not to rebut any of Defendants' arguments in his response to their motion to dismiss, ECF No. 30. Instead, Plaintiff merely stated, "Plaintiff has provided this Court with the, who, what, where, and when (with multiple, sworn affidavits, from witnesses) for crimes state and federal," and then attached a copy of his first amended complaint, ECF No. 15, noting, "the attached § 1983 complaint . . . describes clearly, the conspiracy that was active on 3/10/2014, at Liberty CI." (ECF No. 30.)

[3] Plaintiff also offers four witness affidavits regarding events between Plaintiff and an Officer Borelli related to legal mail issues spanning various dates in 2013 and 2014. (ECF No. 15 at 41–43, 45.) However, Officer Borelli is not a Defendant in this case and Plaintiff fails to suggest how Officer Borelli's actions affect his claims in this case.

*Case No: 4:14-cv-465-RH-GRJ*

To prevail on a cause of action against prison administrators who retaliate against the inmate for making complaints the inmate must establish three elements: "(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." *Id.* (citing *Bennett v. Hendrix*, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005)). Analyzing the second element, whereby the plaintiff must show that the discipline he received would likely deter a prisoner of ordinary firmness from complaining about the conditions of his confinement, requires an objective standard and factual inquiry. *Smith*, 532 F.3d at 1277. Under the third prong, to show that there was a causal relationship the inmate must show that the prison official's actions were a result of the inmate having filed grievances concerning the conditions of his imprisonment. *O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011); *see also Thomas v. Lawrence*, 421 F. App'x 926, 928 (11th Cir. 2011) ("The third element . . . 'asks whether the defendants were subjectively motivated to discipline because [the prisoner] complained of the conditions of his confinement.'").

"A prisoner's filing of a grievance concerning his conditions of his imprisonment is protected speech under the First Amendment." *Id.* at 928. In this case, Plaintiff appears to have filed multiple informal and formal grievances regarding Defendants' alleged retaliatory behavior. *See* ECF No. 15 at 12–13, 35–39, 47, 49–50. Plaintiff's informal and formal grievances constitute protected speech under the First Amendment, thereby satisfying the first element for a First Amendment retaliation claim outlined in *Smith*, 532 F.3d at 1276.

As to the second element, although Defendants note the relevant legal analysis within their motion to dismiss, they do not proffer a legal argument as to the second element. *See* ECF No. 25 at 3–5. Additionally, "[w]hether a retaliatory action is sufficiently severe to deter a person of ordinary firmness from exercising his or her rights is a question of fact." *Osterback v. Kemp*, 300 F. Supp. 2d 1238, 1256 (N.D. Fla. 2003) (quoting *Bell v. Johnson,* 308 F.3d 594, 603 (6th Cir. 2002)). Thus, the Court declines to address the second factual element at the current motion to dismiss stage.

Moving to the third prong, with regard to the requisite causal relationship for a First Amendment retaliation claim, Plaintiff fails to meet this element as to Defendant Smith. Plaintiff's allegations regarding Defendant Smith are that Smith denied Plaintiff's informal grievance requests for assistance in recovering the property confiscated from Plaintiff on March 10, 2014. (ECF No. 15 at 8.) Plaintiff fails to allege or provide any factual allegations to support the requisite third element—that Defendant Smith's denial of Plaintiff's informal grievance requests was because Plaintiff filed grievances.

Further, even if Plaintiff had alleged that Defendant Smith denied Plaintiff's informal grievance requests merely because Plaintiff filed the grievances, Plaintiff's claim must fail because Defendant Smith was required to respond to the grievance. *See* Fla. Admin. Code 33–103.002; *see also Thomas v. Lawrence,* 421 F. App'x 926, 929 (11th Cir. 2011) (declining to find an inference of a causal connection between the plaintiff's grievance and the alleged retaliation by the defendant because the defendant was required to respond to the plaintiff's grievance, because the defendant complied with Florida law, and because a party other than the defendant determined that the

plaintiff should receive a disciplinary report).[4] Accordingly, Plaintiff has failed to state a claim of First Amendment retaliation against Defendant Smith.

Similarly, with regard to Defendant Atkins, the Court is unable to discern any factual allegations that are attributable to Defendant Atkins from Plaintiff's largely indecipherable amended complaint. Without any factual allegations attributable to Defendant Atkins, Plaintiff's First Amendment retaliation claim directed at Defendant Atkins fails to state a claim upon which relief may be granted, and should be dismissed.

However, Plaintiff's allegations regarding Defendant Price are sufficient to meet the third element for a First Amendment retaliation claim against Defendant Price. Plaintiff alleges that Defendant Price confiscated Plaintiff's legal files, eyeglasses, pens,

---

[4] As the Eleventh Circuit set forth in *Thomas*,

> "[t]he Florida Administrative Code contains procedures relating to the filing and review of inmate grievances. Fla. Admin. Code 33–103 et seq. Inmates are entitled to utilize the grievances procedures to complain about a number of matters, including incidents that occur within the institution that affect them personally. Fla. Admin. Code 33–103.001(2), (3)(d). "It is the policy of the [Florida Department of Corrections] that all inmate request forms be answered." Fla. Admin. Code 33–103.005(5). Prior to initiating a formal grievance with the institution's wardens, an inmate must file an informal grievance "with the staff member who is responsible in the particular area of the problem." Fla. Admin. Code 33–103.002(5), (12), 33–103.005(1). When an inmate files an informal grievance, the reviewing authority is the staff member who is responsible for the issue grieved. Fla. Admin. Code 33–103.002(15)(a). The reviewing authority must respond to the inmate, in writing, with a decision to approve, deny or return the grievance and the reasons for the decision, and must sign and date the form and return the informal grievance to the inmate. Fla. Admin. Code 33–103.002(16), 33–103.005(4)(a)–(c). If the grievance is denied, the response must include a statement informing the inmate that he may obtain further administrative review of his complaint. Fla. Admin. Code 33–103.005(4)(d), 33–103.15(5).

421 F. App'x at 928.

pencils, three address books, stamps, and a rosary on March 10, 2014. (ECF No. 15 at 7–8.) Plaintiff further asserts that he was targeted because of his lawsuits and grievances. (*Id.*) For purpose of the motion to dismiss, Plaintiff has sufficiently alleged that there was the requisite causal relationship because he alleges that Defendant Price's actions directed towards Plaintiff on March 10, 2014, were the result of Plaintiff filing lawsuits and grievances concerning the conditions of his imprisonment. *See O'Bryant*, 637 F.3d at 1212. These allegations constitute more than an assertion of the bare legal elements for a First Amendment retaliation claim. Furthermore, courts rely on a burden-shifting analysis to determine if the protected conduct is a motivating factor, an analysis that is not appropriate at the motion to dismiss phase because the parties have not yet conducted discovery. *Eisenberg v. City of Miami Beach*, 1 F. Supp. 3d 1327, 1344 (S.D. Fla. 2014) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Johnson v. Conway*, No. 1:13-CV-0524-RWS, 2013 WL 5493380, at *4 n.3 (N.D. Ga. Sept. 30, 2013)). Thus, taking Plaintiff's allegations as true for the purposes of Defendants' motion to dismiss, Plaintiff presents a plausible claim for relief against Defendant Price to survive Defendants' motion to dismiss.[5]

Likewise, Plaintiff alleges sufficient factual allegations to plausibly suggest a claim for relief against Defendant Sikes. Plaintiff alleges that on May 6, 2014, Defendant Sikes threatened Plaintiff for writing grievances. (*Id.* at 46.) Further, Plaintiff

---

[5] Plaintiff also alleges that another inmate told Plaintiff that the inmate "overheard a conversation in which Ofc. D. Price[] has offered an inmate ten 'bags' of the drug K2, if he would 'shank' an inmate that was going after Ofc. Price[] with a lawsuit." (ECF No. 15 at 19.) These allegations do not relate to retaliation against Plaintiff as a result of Plaintiff filing lawsuits or grievances. Thus, while they may provide contextual support at a later stage, they are irrelevant to the instant motion to dismiss.

says that on April 17, 2014, an Officer Borelli stopped at Plaintiff's confinement cell to "offer [Plaintiff} 'some advi[c]e from a very upset Capt. Sikes.'" (*Id.* at 40). According to Plaintiff, Defendant Sikes, through Officer Borelli, "was telling [Plaintiff] to stop grieving medical & chow hall, about his diet issues; and admitting that [Plaintiff] was 'gassed,' because of his complaints." *Id.* Defendant Sikes also appears to have been somehow involved in the alleged chemical agent use on March 16, 2014. *See* ECF No. 15 at 25. Such factual allegations suggest the requisite causal link between Plaintiff's protected speech (his grievances) and the alleged retaliatory conduct. Interpreting Plaintiff's factual allegations as true, such allegations are sufficient to suggest a plausible First Amendment retaliation claim against Defendant Sikes. Accordingly, Defendants' motion to dismiss the First Amendment Retaliation claim against Defendant Sikes should also be denied.

### C. Conspiracy Claims

"A plaintiff may state a § 1983 claim for conspiracy to violate constitutional rights by showing a conspiracy existed that resulted in the actual denial of some underlying constitutional right." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1260 (11th Cir. 2010) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1370 (11th Cir. 1998)). "To state a claim for conspiracy, a complaint must contain more than just vague and conclusory allegations. . . . . [T]he complaint must contain 'enough factual matter (taken as true) to suggest that an illegal agreement was made.'" *Allen v. Sec'y, Fla. Dept. Of Corrections,* 578 F. App'x 836, 840 (11th Cir. 2014) (quoting *Twombly*, 550 U.S. at 1965). To sufficiently allege that an illegal agreement was made, the plaintiff "must show that the parties 'reached an understanding' to deny the plaintiff his or her rights."

*Grider*, 618 F.3d at 1260 (quoting *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990)).

However, under the intracorporate conspiracy doctrine, "acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." *Id.* at 1261 (quoting *McAndrew v. Lockheed Martin Corp.,* 206 F.3d 1031, 1036 (11th Cir. 2000)). Where the only conspirators identified are members of the same corporation and no outsiders are involved, the intracorporate conspiracy doctrine operates to bar a conspiracy claim. *Denney v. City of Albany*, 247 F.3d 1172, 1190–91 (11th Cir. 2001). The doctrine applies to public entities and its personnel, *id.* at 1190, and has been applied to bar conspiracy claims where all defendants were employees of the FDOC. *Magwood v. Beem*, No. 4:14cv314-MW/CAS, 2015 WL 796242, at *6 (N.D. Fla. Feb. 25, 2015); *Claudio v. Crews*, No. 5:13-cv-00345-MP-EMT, 2014 WL 1758106, at *6 (N.D. Fla. May 1, 2014).

In this case, Plaintiff provides no factual allegations demonstrating that Defendants reached an understanding and agreement to violate Plaintiff's rights. Instead, Plaintiff merely pleads that it "was a conspiracy from the beginning," and that Defendants "acted in concert." (ECF No. 15 at 7, 9, 10.) Plaintiff fails to offer facts detailing how Defendants agreed to violate his rights or reached an understanding concerning the denial of Plaintiff his rights. Plaintiff's says nothing more in his complaint than conclusory allegations of conspiracy, which are insufficient to maintain a claim.

*See Allen,* 578 F. App'x at 840.[6]

Further, even if Plaintiff had alleged sufficient facts to state a claim for conspiracy, Plaintiff's conspiracy claims are nonetheless barred by the intracorporate conspiracy doctrine. The four named Defendants in Plaintiff's complaint are all employed by the FDOC. (ECF No. 15 at 2.) Considering the acts are attributed to the FDOC itself, and Plaintiff does not name any Defendants outside of the FDOC, Plaintiff's claims lack the multiplicity of actors necessary for the formation of a conspiracy. As such, the intracorporate conspiracy doctrine bars Plaintiff's conspiracy claims and his conspiracy claims should be dismissed.

## D.  Eighth Amendment Claim

"To state a valid Eight[h] Amendment claim, an inmate must allege a condition sufficiently extreme to pose an unreasonable risk of serious harm to his health or safety. . . . . Generally, prison conditions only rise to an Eight[h] Amendment violation if they 'involve the wanton and unnecessary infliction of pain.'" *Mines v. Barber*, 610 F. App'x 838, 840 (11th Cir. 2015) (citations omitted). Two requirements must be met for a prison official to violate the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the "prison official must have a 'sufficiently culpable state of mind,'" which, in prison-conditions cases, "is one of

---

[6] Although Plaintiff suggests in his attached "Note of Protest," ECF No. 15 at 6, that the Court should be able to "recognize[] [the] obvious relationship [and] chronology of events, with numerous witness affidavits which span over years, and include all ranks of staff at Liberty CI," five of Plaintiff's witness affidavits concern the events of March 10, 2014, when prison officials confiscated Plaintiff's property. (ECF No. 15 at 21–24, 26.) It is unclear how these witness affidavits detail the "obvious relationship [and] chronology of events," to which Plaintiff refers.

*Case No: 4:14-cv-465-RH-GRJ*

'deliberate indifference' to inmate health or safety." *Id.* (citations omitted). "Deliberate indifference requires the following: '(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence.'" *Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013) (quoting *Goodman v. Kimbrough*, 718 F.3d 1325, 1331-32 (11th Cir. 2013)). A plaintiff must allege that the defendant actually knew of the serious risk of harm. *See id.* (holding that plaintiff did not allege a constitutional violation because plaintiff did not allege defendants "actually knew of the serious risk" posed).

Plaintiff largely fails to provide factual support for his conclusory allegations of physical abuse and "unjustified torture," and fails to allege any physical injury in connection with the confiscation of his property or placement in confinement. Allegations that officers intentionally harassed an inmate and seized his personal property without penological justification, absent allegations that the seizure caused the inmate physical pain or created an unreasonable risk to the inmate's health or safety, are insufficient to assert a cognizable Eighth Amendment claim. *Mines v. Barber,* 610 F. App'x 838, 841 (11th Cir. 2015). Plaintiff only makes conclusory allegations of physical abuse and torture that stem from prison officials taking his property, harassing him, and placing him in confinement. Such allegations, absent allegations of physical pain or unreasonable risk, are insufficient for Plaintiff to plausibly allege an Eighth Amendment claim of cruel and unusual punishment.

The closest Plaintiff gets to describing an event where Defendants may have caused physical injury to Plaintiff is in one of his attachments, a letter dated July 14, 2014, addressed to the F.B.I., in which Plaintiff complains of physical abuse in

retaliation by the use of chemical agents on March 16, 2014, while Plaintiff was alone in a confinement cell. (ECF No. 15 at 18.) "Although it is well-established that the use of chemical agents on recalcitrant prisoners is not per se unconstitutional . . . there are constitutional boundaries to its use." *Thomas v. Bryant*, 614 F.3d 1288, 1310 (11th Cir. 2010) (citations omitted).

Even taking the attachment's chemical agent allegation as true for purposes of the motion to dismiss, the allegation does not plausibly suggest that Defendants violated Plaintiff's Eighth Amendment right. Merely alleging that a prison official used a chemical agent on Plaintiff does not provide sufficient factual detail to raise Plaintiff's right to relief above the speculative level. Plaintiff does not allege which Defendant—if any—used the chemical agent, nor does he say that its use was unjustified, that the person knew of any risk of harm, or that the use caused him any physical injury.[7] Thus, even if taken as true, Plaintiff has not plausibly alleged an Eighth Amendment claim. Nonetheless, Plaintiff should be granted leave to amend his complaint solely with respect to his Eighth Amendment claim to specify how Defendants have physically abused him, including any injuries such abuse caused.

### E. *Compensatory and Punitive Damages*

The Prison Litigation Reform Act "PLRA", precludes a prisoner plaintiff from recovering compensatory and punitive damages in the absence of a physical injury. 42 U.S.C. § 1997e(e); *see also Al-Amin v. Smith*, 637 F.3d 1192, 1198 (11th Cir. 2011)

---

[7] One of the many Witness Affidavits Plaintiff attached to his complaint appears to note that on March 16, 2014, "Sgt. Strength & Capt. Sikes[] sprayed Matthew." (ECF No. 15 at 25.) However, it is unclear whether this "spraying" attested to by a non-party is related to the alleged use of chemical agents in violation of Plaintiff's Eighth Amendment rights.

(discussing how compensatory and punitive damages are not recoverable without a physical injury). To satisfy § 1997e(e)'s physical injury requirement, the physical injury must be more than *de minimis*, but need not be significant. *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999), *vacated in part on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc).

Plaintiff's complaint lacks the requisite allegation of a physical injury to seek compensatory and punitive damages. Plaintiff's complaint alleges "physical abuse," and "unjustified torture," but fails to assert that such alleged physical abuse and unjustified torture caused a physical injury. *See* ECF No. 15 at 7, 9–10, 16. Further, while Plaintiff's letter to the F.B.I. mentions physical abuse by the use of a chemical agent on Plaintiff on March 16, 2014, Plaintiff fails to even mention this within his actual Complaint or expand upon it elsewhere in the 42 pages of attachments. *See id.* at 18. However, even considering the chemical agent allegation set forth in his attachment, Plaintiff does not claim that such alleged use of chemical agents resulted in physical injury. Without allegations of physical injury in connection with the alleged use of chemical agents, Plaintiff has not met the physical injury requirement for compensatory and punitive damages. *See Palmer v. Walker*, 2011 WL 836928, at *8 (M.D. Fla. Mar. 9, 2011) (holding that although Plaintiff alleged he was subject to cruel and unusual punishment from the application of chemical agents, plaintiff failed to allege a physical injury that was more than *de minimis* to satisfy section 1997e(e)'s physical injury requirement for compensatory and punitive damages). Accordingly, Plaintiff is not entitled to seek compensatory or punitive damages upon the allegations asserted within his first amended complaint. Nonetheless, considering Plaintiff will be granted leave to

amend with respect to his Eighth Amendment claim, Plaintiff's request for compensatory and punitive damages may be permitted should he allege the requisite physical injury element under § 1997e(e).

## F.     Eleventh Amendment Immunity

Defendants further argue that the Eleventh Amendment bars Plaintiff from suing Defendants in their official capacities for monetary relief. (ECF No. 25 at 9–10.) A suit against a state official in his official capacity is a suit against the State itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment prohibits a suit against the Sate absent the State's consent to the suit. *Alabama v. Puch*, 438 U.S. 781, 782 (1978). Florida has not waived its sovereign immunity or consented to be sued in damage suits brought under § 1983. *See* § 768.28(18), Fla. Stat.; *Gamble v. Fla. Dep't of Health & Rehabilitative Servs.*, 779 F.2d 1509, 1515 (11th Cir. 1986). Accordingly, to the extent that Plaintiff's claims are interpreted as bringing suit against Defendants in their official capacities for damages, Plaintiff's claims should be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that:

Defendants' Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 25, should be **GRANTED IN PART** for failure to state a claim upon which relief can be granted, and **DENIED IN PART**. Plaintiff should be granted leave to amend his complaint with respect to his Eighth Amendment claim.

**IN CHAMBERS** at Gainesville, Florida, this 29th day of October, 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**